# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 15, 2007

Charles R. Fulbruge III
Clerk

No. 06-41595
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ANTHONY JOHNSON

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:06-CR-4-ALL

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Anthony Johnson appeals his jury-trial convictions for making a false statement to the federal government and making a false claim to the federal government. Johnson argues that the evidence was insufficient to support his convictions because the Government failed to present evidence showing that he made a willfully false statement, that he made a willfully false claim, or that the matter was within the jurisdiction of one of the branches of the United States government.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Johnson unsuccessfully moved for a judgment of acquittal at the close of the Government's case and at the close of the evidence the standard of review in assessing his sufficiency challenge is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). We determine only whether the jury made a rational decision, not whether the jury's verdict was correct on the issue of guilt or innocence. United States v. Jaramillo, 42 F.3d 920, 923 (5th Cir. 1995).

Viewing the evidence in the light most favorable to the Government, the evidence was sufficient to prove that Johnson made false statements and a false claim by asserting that his residence had been damaged and that he had suffered certain hardships due to Hurricane Rita in his claim for Federal Emergency Management Agency (FEMA) disaster assistance and subsequent appeal. Testimony regarding the criteria for the granting of FEMA disaster assistance was sufficient to show the materiality of the false statements. See United States v. Swaim, 757 F.2d 1530, 1534 (5th Cir. 1985). The jury could reasonably infer from the testimony presented at trial that Johnson knew that his statements and claim were false, satisfying the specific intent requirement. See United States v. Lichenstein, 610 F.2d 1272, 1277-78 (5th Cir. 1980); United States v. Okoronkwo, 46 F.3d 426, 430-31 (5th Cir. 1995). Testimony that FEMA was an entity within the Department of Homeland Security was sufficient evidence that Johnson's false statements were made within the jurisdiction of a government agency and that his false claim was made to the federal government. See United States v. Leal, 30 F.3d 577, 584 (5th Cir. 1994). The evidence was sufficient to support Johnson's convictions. See id.; Okoronkwo, 46 F.3d at 430-31.

AFFIRMED.